13-4354-cv
*Driessen v. Natwest Bank PLC*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand fourteen.

PRESENT:   RALPH K. WINTER,
           DENNY CHIN,
                   *Circuit Judges*,
           J. PAUL OETKEN,
                   *District Judge*.[**]
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ROCHELLE DRIESSEN,

        *Plaintiff-Appellant*,

      v.                                      13-4354-cv

NATWEST BANK PLC, an acquisition and brand of the Royal Bank of Scotland, ROYAL BANK OF SCOTLAND,


        *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
_____

[*]

      The Honorable J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT: Rochelle Driessen, *pro se*, Surfside, Florida.

FOR DEFENDANTS-APPELLEES: Geoffrey W. Millsom, Brenna Anatone Force, Adler Pollock & Sheehan P.C., Providence, Rhode Island.

Appeal from the United States District Court for the District of Connecticut (Shea, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Rochelle Driessen, proceeding *pro se*, appeals from the judgment entered October 29, 2013, dismissing her complaint, which asserted claims under the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §1693 *et seq*. By decision filed October 25, 2013, the district court granted the motion of defendants National Westminster Bank PLC and the Royal Bank of Scotland Group PLC to dismiss the complaint pursuant to Fed. R. Civ. P. (12)(b)(6). On appeal, Driessen argues that the district court erred in dismissing her complaint and in failing to grant her summary judgment. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision.

We review Rule 12(b)(6) dismissals *de novo*, "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 715 (2d Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible

on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Courts should read *pro se* complaints with "special solicitude" and interpret them "to raise the strongest [claims] that [they] suggest." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (first alteration in original) (internal quotation marks omitted).  Generally, courts should not deny leave to amend a *pro se* complaint unless amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

We affirm substantially for the reasons set forth by the district court in its thorough and well-reasoned memorandum decision.  The complaint alleged that Driessen had been notified by email that she had won two European lotteries, and that the defendant banks violated the EFTA by failing to transfer her lottery winnings to her bank account.  For the reasons explained by the district court, the complaint did not plausibly allege that the banks had any actual involvement with the purported emails or lottery winnings.

We have considered Driessen's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3